UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Clarence Weber, M23638, Petitioner, | |
| v. | Case No. 25 C 1177 |
| Brittany Greene, Warden, Respondent. | Judge Mary M. Rowland |

**MEMORANDUM AND OPINION ORDER**

Petitioner Clarence Weber, a prisoner at Western Illinois Correctional Center, brings a *pro se* petition under 28 U.S.C. § 2254 challenging his conviction for first degree murder. Respondent Brittany Greene, Warden of Western Illinois Correctional Center opposed the petition as time-barred. For the following reasons, the Court grants Respondent's motion to dismiss [5] and dismisses Petitioner's § 2254 petition [1] as untimely.

**Background & Procedural History**

When addressing a Section 2254 petition, federal courts "take facts from the Illinois Appellate Court's opinions because they are presumptively correct on habeas review." *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citing 28 U.S.C. 2254(e)(1)).

After his trial, a jury in Lake County, Illinois found Weber guilty of first-degree murder in connection with the stabbing death of his estranged wife, Adelina Weber

1

in 2008.[1] [5-1] *People v. Weber*, 2012 IL App (2d) 100870-U, ¶ 1. The trial court sentenced him to 55 years in prison. [5] at 1. On direct review, the Illinois Appellate Court affirmed Petitioner's sentence (*see* [5-1]), and the Illinois Supreme Court denied Petitioner's petition for leave to appeal ("PLA") on September 26, 2012 ([5-3] Order denying PLA, *People v. Weber*, No. 117852 (Ill. Sept. 26, 2012)). Weber did not file a petition for a writ of certiorari to the United States Supreme Court. [5] at 1–2. On March 26, 2013, Weber filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122-1, *et seq.*[2] *See* [5-4]–[5-8] Post-conviction petition, *People v. Weber*, No. 08 CF 2769 (Lake Cnty. Cir. Ct.). The trial court dismissed that petition and, on December 14, 2016, the Illinois Appellate Court affirmed the trial court's denial of Weber's post-conviction relief. [5-9] Summary Order, *People v. Weber*, 2016 IL App (2d) 140910-U. Weber subsequently petitioned for leave to appeal with the Illinois Supreme Court, which the court denied on March 29, 2017. [5-10] Order denying PLA, *People v. Weber*, No. 121846 (Ill. Mar. 29, 2017).

Additionally, Weber filed a motion for a DNA database search on October 20, 2015. [5-11] Docket, *People v. Weber*, No. 08 CF 2769 (Lake Cnty. Cir. Ct.), at 34. Petitioner was sent a copy of the DNA database search on December 7, 2016. *Id.* at 37. On August 12, 2024, Petitioner moved for leave to file a petition for a writ of habeas corpus in the Illinois Supreme Court. [5-12] Motion for leave to file for a

---

[1] Petitioner also was convicted of two counts of solicitation of murder for offering to pay to murder witnesses who were going to testify against him at his murder trial. [5-2] *People v. Weber*, 2012 IL App (2d) 110916-U, ¶ 2.

[2] Weber filed the petition pro se and the trial court appointed counsel to represent petitioner. Counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. Dec. 1 1984) but did not amend Weber's post-conviction petition. [5-9] at 2–3.

2

petition for writ of habeas corpus, *Weber v. Greene*, No. M.D.015068. And on September 27, 2024, the Illinois Supreme Court denied Weber's motion. [5-13] Order, *Weber v. Greene*, No. M.D.015068 (Ill. Sept. 27, 2024).

On January 16, 2025, Weber filed his Section 2254 habeas petition in this Court. [1]. In his petition, Petitioner asserts his state criminal proceedings were constitutionally defective on account of ineffective assistance of counsel. *See generally id*. Weber claims his Sixth Amendment right to effective trial counsel was violated when his trial counsel (a) "conceded in her opening statement that Petitioner had stabbed his wife in self-defense" over Petitioner's objections; and (b) failed to submit potentially exculpatory DNA evidence from the crime scene to state and federal databases *Id*. In response, Respondent argues that the Court should dismiss Weber's petition with prejudice as untimely based on the one-year statute of limitations in 28 U.S.C. § 2244(d) and decline to issue a certificate of appealability. [5]. Petitioner argues his claims are subject to equitable tolling. [7] at 3; *see* also [8] (duplicate filing of Petitioner's opposition to Respondent's motion to dismiss). In this case, the issue of timeliness is dispositive.

## Analysis

### A. One-Year Limitation Period

Under the Antiterrorism and Effective Death Penalty Act of 1996, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Fla.*, 549 U.S. 327, 331 (2007). The one-year limitation runs from

3

the latest of four possible dates: (A) the date on which the judgment of conviction became final; (B) the removal of a state-created unconstitutional impediment that prevented the applicant from filing the petition; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right is retroactive on collateral review; or (D) the date of uncovering previously undiscoverable evidence upon which the habeas claim is predicated. 28 U.S.C. § 2244(d)(1)(A)–(D). The limitation period is tolled for the pendency of a "properly filed application for State post-conviction or collateral review." 28 U.S.C. § 2244(d)(2). The statute of limitations "serves the well-recognized interest in the finality of state court judgments," and reduces "the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker,* 533 U.S. 167, 179 (2001).

Petitioner does not cite any "governmental action" that "imped[ed]" him from filing his habeas petition, so subsection (d)(1)(B) does not apply. Accordingly, the relevant inquiry is whether Weber filed his petition within one year of the judgment becoming final, a constitutional right being newly recognized, or the discovery of the factual predicate of the claim.[3] *See* 28 U.S.C. § 2244(d)(1)(A), (C), (D).

**B. Petitioner Failed to Timely File His Petition**

Respondent argues Weber's petition in this case was not timely under 28

---

[3] According to Respondent, Weber's claims do not turn on newly discovered facts or a newly recognized constitutional right. [5] at 3. Interpreting Petitioner's submissions in the broadest sense, as the Court must for pro se petitioners, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court construes Petitioner's argument to be that the *McCoy* decision established a new claim for violation of his constitutional autonomy, and in conjunction with 28 U.S.C. § 2244(d)(1)(C), it also opened a new statutory period within which to assert this new claim. Furthermore, the Court will consider Petitioner's claims regarding the DNA evidence to trigger a new statutory limitations period.

4

U.S.C. § 2244(d). Petitioner contends his habeas claims are subject to equitable tolling and thus are timely. The Court finds Weber's habeas claims are time-barred.

### i. § 2244(d)(1)(A)

Here, the Illinois Supreme Court denied Petitioner's petition for leave to appeal the Illinois Appellate Court's decision on September 26, 2012. [5-3]. There is no evidence that Petitioner sought a writ of certiorari in the United States Supreme Court. Thus, for the purpose of federal habeas review, Weber's conviction became final on December 26, 2012, the first non-holiday date 90-days after the Illinois Supreme Court's decision. *See* Sup. Ct. R. 13.1 (requiring petitions for writ of certiorari be filed within 90 days after entry of the judgment); 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining judgment is final when the time to seek certiorari in the United States Supreme Court expires).

The limitations period as applied to Weber began on December 27, 2012 and ran for 89 days until petitioner filed his state postconviction petition on March 26, 2013. *See* [5-4]–[5-8]. The statute of limitations was tolled until March 29, 2017, when the Illinois Supreme Court denied petitioner's post-conviction PLA. *See* [5-10]; *Lawrence*, 549 U.S. 333–34 (time for filing petition for certiorari from denial of postconviction relief does not toll limitations period under § 2244(d)(2)). The limitations period continued to run on March 30, 2017, until it expired after 276 days on January 2, 2018. *See* Fed. R. Civ. P. 6(a)(2)(C) (period continues to run until the next day that is not a Sunday or legal holiday). Weber filed his petition on January 16, 2025—more than seven years after the statute of limitations expired. Accordingly,

Weber's petition is untimely and must be dismissed.

The proceedings related to Petitioner's request for a DNA examination cannot save his petition. A motion for DNA testing under 725 ILCS 5/116-3 is not a collateral review of the underlying judgment and therefore does not toll the statute of limitations for bringing a federal habeas petition under 28 U.S.C. § 2254. *Patterson v. Adkins*, 124 F.4th 1035, 1045–46. (7th Cir. 2025). And in any event, the DNA results were sent to Weber on December 7, 2016—before the Illinois Supreme Court denied petitioner's post-conviction PLA and while the statute of limitations was tolled. *See* [5-10]; [5-11] at 37.

### ii. § 2244(d)(1)(C)

Petitioner contends his trial counsel violated his Sixth Amendment in contravention of *McCoy v. Louisiana*, 584 U.S. 414 (2018). [1] at 3. In *McCoy*, the United States Supreme Court held that the Sixth Amendment secures to the defendant "the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." 584 U.S. at 414. The Court explained that the right to be the master of one's own defense—also referred to as "Sixth Amendment-secured autonomy"—is reserved for the defendant and remains outside the province of the lawyer. *Id.* at 422, 467–27. Weber claims his counsel violated this right when she conceded in her opening statement at his trial that he stabbed his wife in self-defense despite Petitioner's not guilty plea and repeated objections. [1] at 3.

Even accepting *arguendo* that *McCoy* is retroactively applied and that the rule

6

of constitutional law announced there is applicable to Weber's claim does not render the petition timely. Any such limitations period triggered by *McCoy* would commence on May 24, 2018—the date of the *McCoy* decision—and thus permit petitioners to file claims by May 24, 2019. § 2244(d)(1)(C). Accordingly, Weber's 2025 petition would still be nearly six years too late.

### iii.  § 2244(d)(1)(D)

Finally, Weber claims his trial counsel was ineffective on the basis that she failed to submit potentially exculpatory DNA evidence to a state or federal DNA database search. [1] at 4. Even if his petition turned on the factual predicate of DNA test results, Weber's petition is untimely. § 2244(d)(1)(D). As discussed above, the DNA database search results were sent to Weber on December 7, 2016. [5-11] at 37. The one-year limitations period began on March 30, 2017, the day after his post-conviction proceedings concluded and tolling ceased. The statute of limitations expired 365 days later on March 30, 2018. Therefore, Weber's 2025 petition is nearly seven years too late.

Petitioner's August 12, 2024 motion for leave to file a petition for a writ of habeas corpus in the Illinois Supreme Court ([5-12]) does not change this outcome. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant").

### iv.  Equitable Tolling

Weber filed his petition outside of the one-year period, so the Court considers whether it can excuse compliance with the limitations period based on the doctrine of

equitable tolling. *See Holland v. Fla.,* 560 U.S. 631, 645–53 (2010). To take advantage of equitable tolling, Weber must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton,* 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland,* 560 U.S. at 649); *see also Carpenter v. Douma,* 840 F.3d 867, 870 (7th Cir. 2016). The "extraordinary-circumstance prong is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond his control." *Ademiju v. United States,* 999 F.3d 474, 477 (7th Cir. 2021) (cleaned up). "Equitable tolling is a remedy reserved for the exceptional case and is therefore rarely granted." *Conner v. Reagle,* 82 F.4th 542, 550 (7th Cir. 2023).

Weber argues his habeas petition should be subject to equitable tolling. [7] at 3. Petitioner explains that he "repeatedly requested orally and in writing that his court-appointed appellate public defender prepare a state habeas corpus petition" relating to the claims asserted here. *Id.* He further states that he was led to believe for years that his court-appointed public defender was going to prepare the petition, and he was never informed that there was a statute of limitations. *Id.*

But this does not explain the delay in filing for approximately six (or seven) years. First, Weber "could have filed a protective habeas corpus petition," but did not. *United States ex rel. Dugar v. Rednour,* 2010 WL 2976177, at *2 (N.D. Ill. July 23, 2010) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)). Nor does he explain any follow-up actions or inquiries he made to determine the status of his post-conviction petition. *Id.* And Weber's arguments about attorney negligence lack of knowledge

8

about the limitations period do not constitute an extraordinary circumstance. *See Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) (rejecting the petitioner's argument that the limitations period should be equitably tolled because the delays were due to an incompetent attorney); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[S]tanding alone, lack of legal expertise is not a basis for invoking equitable tolling."). Thus, Weber has not met his burden to establish that this is the rare occasion where an "extraordinary circumstance" prevented his filing in a timely manner. *Famous v. Fuchs*, 38 F.4th 625, 634 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 794 (2023).

Weber has not satisfied either prong of the *Holland* test and is not entitled to equitable tolling of the limitations period for filing his habeas petition. As a result, Weber's habeas corpus petition is dismissed with prejudice as untimely. *See Pavlovsky v. VanNatta,* 431 F.3d 1063, 1064 (7th Cir. 2005) (dismissal of habeas petition as untimely with prejudice). Because the Court is dismissing on this ground, it need not address the merits of Weber's claims in his petition.

## C. Certificate of Appealability and Notice of Appeal Rights

This Court's denial of Petitioner's petition is a final decision ending the case. Petitioner may appeal only if he obtains a certificate of appealability. This court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases, provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The Court does not think a reasonable jurist could debate whether Petitioner's petition was timely under § 2244(d)(1) or whether equitable tolling should apply in this case.

If Petitioner seeks to appeal, he must file a notice of appeal in this Court within 30 days from when judgment is entered. Fed. R. App. P. 4(a)(1). He need not bring a motion to reconsider this decision to preserve his appellate right, but if he wishes the Court to reconsider its judgment, he may file a motion under Fed. R. Civ. P. 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of entry of judgment and suspends the deadline for filing an appeal until the motion is ruled on. See Fed. R. Civ. P. 59(e) and Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the motion is ruled on only if the motion is filed within 28 days of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

## Conclusion

For the reasons explained above, the Court grants Respondent's motion to

dismiss [5] and dismisses Petitioner's § 2254 petition [1] as untimely. The petition is dismissed with prejudice, and this Court declines to issue a certificate of appealability. The Clerk is directed to enter a judgment of dismissal in Respondent's favor. Civil case terminated.

E N T E R:

Dated: November 24, 2025

MARY M. ROWLAND
United States District Judge